RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/15/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEBOSKI SMALL #335702　　　　　　　　DOCKET NO. 11-CV-1362; SEC. P

VERSUS　　　　　　　　　　　　　　　　JUDGE JAMES T. TRIMBLE, JR.

WINN CORRECTIONAL CENTER, ET AL.　MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Deboski Small filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, and he filed an amended complaint on October 12, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains of conditions of confinement and seeks monetary damages from defendants Winn Correctional Center, Corrections Corporation of America (CCA), and Warden Tim Wilkinson.

### *Factual Allegations*

Plaintiff alleges that on April 22, 2011, a piece of steel from the ceiling or door frame fell and landed on his left foot and ankle, resulting in a fracture. [Doc. #1, p.3] Plaintiff alleges that the loose piece of metal had been reported to staff in the two weeks prior to the accident.

### *Law and Analysis*

Plaintiff was ordered to amend and supplement his complaint to allege deliberate indifference by the defendants. Plaintiff claims that the Warden is liable as overseer of maintenance at Winn Correctional. Section 1983 imposes liability for violations of

rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding a piece of metal falling on his foot do not present a violation of a constitutional right. See eg. Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it). Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff has not alleged any constitutional liability of the defendants. There are no allegations that the warden subjectively intended to cause him harm. He has only alleged what could be described as negligence fo the defendants, at best.

*Conclusion*

IT IS **RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE